FILED

**NOT FOR PUBLICATION**

DEC 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATT FREDENBURG, individually, and as guardian ad litem for his minor children, A.F., M.F., and E.F.; and KIM FREDENBURG, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> COUNTY OF SANTA CLARA; et al., <br><br> Defendants, <br><br> and <br><br> PETE PROLO, individually, and as an employee of the City of Milpitas, <br><br> Defendant - Appellant. | No. 09-16396 <br><br> D.C. No. 5:07-cv-04412-JW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Pete Prolo ("Officer Prolo") appeals the district court's summary judgment order denying him qualified immunity with respect to the Fredenburgs' false imprisonment and Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The facts alleged by the Fredenburgs show that Officer Prolo's conduct violated a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Fourteenth Amendment "guarantee[s] that parents and children will not be separated by the state without due process of law except in an emergency." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000); *accord Mabe v. San Bernardino Cnty., Dept. of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2003). Accordingly, officials may remove a child from his or her parents only when they have "reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis*, 202 F.3d at 1138. Here, although Officer Prolo had reasonable cause to remove the children from Mrs. Fredenburg, he failed to determine or even consider whether Mr. Fredenburg posed a threat to the children before removing the children from him and placing them with a social worker. *See id.* at 1140–41, 1142 n.14 ("The government may not, consistent with the

2

Constitution, interpose itself between a fit parent and her children simply because of the conduct—real or imagined—*of the other parent*." (emphasis added)).

The right to familial association free from government intrusion, absent reasonable cause to believe *both* parents pose a threat to the children, was clearly established in *Wallis*, a case that predates Officer Prolo's conduct. *See id.* at 1138, 1140–41, 1142 n.14. Here, as in *Wallis*, one of the children's parents was not implicated in the criminal investigation and was immediately available to take custody of the children. *Id.* at 1140–41. The Fredenburgs allege Officer Prolo was aware that Mr. Fredenburg and his parents were at the police station, but declined to question or otherwise investigate Mr. Fredenburg before deciding to place the children with child protective services. On summary judgment review, we must take "the version of the material facts asserted by the [Fredenburgs] to be correct." *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001) (quotation marks and citation omitted). Given that standard, "[t]here is no evidence that the children could not have been [placed] with their [father] . . . . A genuine issue of material fact exists therefore as to whether the removal of the children from their [father]'s custody . . . was sufficiently 'strictly circumscribed by the exigency that justified' [Officer Prolo]'s intrusion into the children's lives." *Wallis*, 202 F.3d at 1140–41

(quoting *Good v. Dauphin Cnty. Soc. Servs. for Children and Youth*, 891 F.2d 1087, 1093 (3d Cir. 1989)).

**AFFIRMED.**

4

*Fredenburg v. Prolo*, No. 09-16396

N.R. SMITH*, Circuit Judge, concurring in part and dissenting in part:*

The majority may be correct that (1) given the language of the statute and (2) construing the facts in the light most favorable to the plaintiffs, Officer Prolo's conduct violated a constitutional right. However, I respectfully dissent from their conclusion that the right was clearly established.

"[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (internal quotation marks and citation omitted). Moreover, the test in *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000), "is flexible and must take into account the individual circumstances." *Burke v. County of Alameda*, 586 F.3d 725, 733 (9th Cir. 2009). Applying this standard to the alleged facts, the right Officer Prolo allegedly violated was not clearly established as of August 9, 2006.

The district court found that Officer Prolo acted with reasonable cause when he took emergency custody of the children from Mrs. Fredenburg. Although *Wallis* recognized that officials may remove children from their parents only with "reasonable cause to believe that the child is in imminent danger of serious bodily

1

injury," 202 F.3d at 1138, it did not clearly establish that, once children have already been lawfully removed from one parent, officers must investigate an *absent* parent to retain protective custody. It is undisputed that Mr. Fredenburg was not present when officers lawfully removed the children from their mother's custody, and that the children were still in protective custody when Officer Prolo turned them over to child protective services. Given the flexible standard in *Wallis*, and taking into account these individual circumstances, "the law did not put [Officer Prolo] on notice that his conduct would be clearly unlawful[; therefore], summary judgment based on qualified immunity is appropriate." *Saucier*, 533 U.S. at 202.